FEDERAL BENEFICIAL ASSOCIATION, complainant-respondent,

*v.*

EASTERN LAND COMPANY, defendant-appellant.

[Submitted May term. 1924. Decided October 20th, 1924.]

1. A bond and mortgage made, executed and delivered by one company to another for the purpose of creating a credit, so that the latter company could make a satisfactory report to the insurance department of the state, are under the facts of the case legal and valid obligations.

2. The presumption is that the bond and mortgage have been executed by authority of the defendant company until the contrary is clearly shown. That has not been done in the record of this case.

---

On appeal.

*Messrs. Cole & Cole,* for the appellant.

*Mr. Oscar B. Redrow,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

The bill of complaint in this case was filed to foreclose a mortgage. The mortgage was dated December 31st, 1921. It was made by the Eastern Land Company, the defendant, to the complainant, to secure an indebtedness of $4,000. The mortgage was properly executed and regular in form. The answer denied there was any indebtedness. The defendant further sets up in its answer that it received no consideration whatever for the bond and mortgage referred to in the bill of complaint. The learned vice-chancellor, who heard the case, found the bond and mortgage were legal and valid obligations. He advised a decree in favor of the complainant for $4,490 with lawful interest thereon, to be computed from the 15th day of January, 1924. The record discloses these facts.

Some of the individuals and officers in the two companies were the same. In December, 1921, the two companies seemed to have been owned or controlled by the Adams family. The proof offered by the defense was that there was no money transaction between the two companies at the time the bond and mortgage were given. The defendant company received nothing of value when it gave the mortgage. This is not conclusive. The testimony further shows that, on December 6th, 1921, as appears by the minutes of the complainant, "that a first mortgage of $4,000, to be made by the Eastern Land Company, be accepted in part payment of the above amount," *i. e.,* $6,272, charged to J. W. Held, that the complainant had a credit of "$4,000 covered by Eastern Land Company mortgage." The money of the bond and mortgage in question was credited on the books of the complainant, $2,000 to the funeral benefit fund and $2,000 to the national council fund. The Eastern Land Company gave that mort-

630    COURT OF ERRORS AND APPEALS.

Federal Benev. Asso. v. Eastern Land Co.    96 N. J. Eq.

gage in payment of part, of that money that was drawn out, i. e., of different accounts. Alfred Adams, Jr., president of the defendant company and treasurer of the complainant, testified that he executed the mortgage; the mortgage was loaned to the company, so that it could make a report to go to the insurance department "a better looking report to the insurance department; they were jumping him a little bit." The receipt recites: "Received  *  *  *  bond and mortgage for $4,000 as security for money loaned by Federal Beneficial Association to Emanuel Barrick. Federal Beneficial Association, J. W. Held, organizer." Charles R. Adams, vice-president of the complainant, testified: "I borrowed $1,200 from Joe, but Joe borrowed it from the complainant. Q. The money went from the Federal Beneficial Association, the complainant, to Mr. Held? A. Yes. Q. And then he turned it over to you? A. Yes." The acknowledgement to the mortgage was taken by the witness as a commissioner of deeds. The mortgage to be used to lessen the loans of the complainant. This is sufficient to indicate the nature of the transaction between the two companies. It is further summarized at pages 43 and 44 of the record. We are satisfied from the record the mortgage was made, executed and delivered for the benefit of the complainant, and for that purpose the defendant loaned its credit to the extent of $4,000, witnessed by the bond and mortgage in suit. The answer admits the execution of the bond and mortgage. The argument now is as the mortgage was only loaned to the complainant company for the purpose of falsifying its books, in order to deceive the banking commissioner, it is without consideration, and, therefore, void. That is not good morals and ought not to be accepted or sanctioned as sound law. Even so, a valid mortgage may be given, and the debt need not have been one due from the mortgagor. One owning property, either personal or real, may pledge it for the payment of a debt of another person. There need not be proven, and there need not exist, any consideration between the mortgagor and the mortgagee. The consideration need not move to the mortgagor, and the debt to secure which the mortgage

is given may be the debt of another person. *Perkins* v. *Trinity Realty Co., 69 N. J. Eq. 725, 726; affirmed, 71 Ibid. 304; Krouse* v. *Palmer, 89 Ibid. 220.*. It was said by this court that the presumption that the instrument is what it purports to be must prevail in the absence of clear and convincing evidence to the contrary. *Cake* v. *Shull, 45 N. J. Eq. 213; Childs* v. *South Jersey Amusement Co., 95 N. J. Eq. 207.* That principle is applicable to the consideration of a mortgage. It seems hardly necessary to refer to the point now urged, that the defendant company had no authority to make the bond and mortgage. Its execution, as stated, is admitted in the answer. There is no evidence or proof in the record of a lack of authority. It is merely asserted in the brief, because the defendant is a corporation, its officers lacked authority to execute the mortgage. The presumption is that the bond and mortgage have been executed by authority of the defendant corporation, until the contrary is clearly shown. This has not been done in the record before us. *Leggett* v. *New Jersey, &c., Banking Co., 1 N. J. Eq. 541; Manhattan, &c., Co.* v. *New Jersey, &c., Co., 23 N. J. Eq. 161; In re West Jersey Traction Co., 59 N. J. Eq. 63; Parker* v. *Washoe Manufacturing Co., 49 N. J. Law 465.*

The decree of the court of chancery is affirmed.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS—13.

*For reversal*—KALISCH, KATZENBACH—2.